UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOMINIC BOUTELLE,

    as Parent of L.B.,

                                        No. 17cv1232 GJF-SMV

    Plaintiff,

v.

BOARD OF EDUCATION OF LAS CRUCES
PUBLIC SCHOOLS,

    Defendant.

PLAINTIFF's MOTION FOR CONSIDERATION OF
ADDITIONAL EVIDENCE PURSUANT TO
THE IDEA

Plaintiff Dominic Boutelle moves for consideration of additional evidence pursuant to the IDEA, 20 U.S.C. §1415(i)(2)( C)(ii).  The IDEA allows the Court to consider "additional evidence" upon request of a party. Id.   In this Circuit, a court's admission or refusal of additional evidence is reviewable for abuse of discretion, which standard appears in conflict with the text of the IDEA which frames admission of additional evidence as a mandate.  See, Miller v. Bd. of Educ. of Albuquerque Public Sch., 565 F.3d 1232, 1240 (10th Cir. 2009), and compare, 20 U.S.C. §1415(i)(2)( C)(ii) ("shall hear additional evidence at the request of a party").

The Tenth Circuit does not appear to have fully settled on standards or permissible factors for the district's court's exercise of discretion in ruling on proffers of additional evidence.   In Miller v. Bd. of Educ. of Albuquerque Public Sch., the Court focused on the preliminary question of the relevance of proposed additional evidence, determining that the proposed additional evidence was not relevant.   565 F.3d at 1241-1243.  The Court did appear inclined to agree with case law in the Third Circuit which counseled that a court should exercise "particularized

discretion" and allow consideration of "relevant, non-cumulative" evidence which was "useful in determining whether Congress' goal has been reached for the child involved." 565 F.3d at 1241, quoting from <u>Susan N. v. Wilson Sch. Dist.,</u> 70 F.3d 751, 760 (3rd Cir. 1995).

Other Circuits which have reviewed the issue agree that consideration of "additional evidence" should be allowed under the circumstance when the evidence is relevant to issues before the Court and was unavailable at time of the administrative due process hearing. *See, e.g.,* <u>Town of Burlington v. Dept. of Educ. for Commonwealth of Mass.,</u> 736 F.2d 773, 790 (1st Cir. 1984), *aff'd,* 471 U.S. 359 (1985) ("[E]vidence concerning relevant events occurring subsequent to the administrative hearing" is one category of permissible additional evidence. 736 F.2d at 773.)

Plaintiff's request is for admission of four documents, all of which were unavailable at time of the due process hearing since all three documents were created after conclusion of the IDEA due process hearing and the issuance of the Due Process Hearing Officer's decision. Specifically, Plaintiff moves the Court to admit the following relevant evidence which was not available at time of the IDEA administrative due process hearing:

1. Evaluation report on L.B. by Dr. Joseph Jankovic, M.D., Baylor College of Medicine, Department of Neurology, evaluation performed 11/29/2017;
2. billing/payment records for Baylor evaluation;
3. LCPS Multidisciplinary Evaluation Team documents for L.B., 3/8/2018
4. LCPS IEP for L.B. dated 3/8/2018

This documentary evidence is relevant to Plaintiff's requested remedies numbered 2 and 3. [Doc. 31 at 27] as well as to ensure the Court's knowledge about both Student's medical

diagnosis and the LEA's acceptance of that diagnosis.

Counsel for Defendant Board of Education of Las Cruces Public Schools was contacted and the School District opposes this Motion.

> Respectfully submitted,
>
> STEVEN GRANBERG, ATTY. AT LAW
>
> */s/ Gail Stewart*
>
> _____
> Gail Stewart
> 3800 Osuna NE, Suite 1
> Albuquerque, NM 87109
> (505) 244-3779, x. 3
> *Attorney for Plaintiff*

I certify that on this 5th day of March 2019, I
I filed this Notice electronically through the CM/ECF
system which caused counsel for defendant to be served
electronically as more fully stated in the Notice of Electronic
Filing:

Evelyn Howard-Hand, Ehand@wabsa.com


*/s/ Gail Stewart*
_____
Gail Stewart