UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOMINIC BOUTELLE,
    as Parent of L.B.,

                                                No. 17cv1232 GJF-SMV

    Plaintiff,
v.

BOARD OF EDUCATION OF LAS CRUCES
PUBLIC SCHOOLS,

    Defendant.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CONSIDERATION OF ADDITIONAL EVIDENCE
PURSUANT TO THE IDEA

Plaintiff Dominic Boutelle (Parent) files this Reply in support of his Motion for Consideration of Additional Evidence pursuant to the IDEA. [Doc. 43]. Defendant Board of Education of Las Cruces Public Schools (the School District or LCPS) filed its Response in opposition to Parent's motion on March 19, 2019 [Doc. 48], making this Reply brief timely if filed on or before April 2, 2019.

The School District's opposition to Plaintiff's request for consideration of additional evidence is based on four arguments. First, the School District argues that the legal "standard" for consideration of additional evidence in IDEA civil actions weighs against Parent's request and that consideration of additional evidence requested would constitute abuse of discretion. [Doc. 48 at 1-4]. Second, the School District claims that Parent's Motion is noncompliant with Local Rule 7. [Doc. 48 at 4-6]. Next, the School District argues that the four documents are not "relevant" or "necessary." [Doc. 48 at 6-15]. The School District's final argument is that consideration should be denied based on failure to exhaust administrative due process hearing

remedies. [Doc. 48 at 14-15].

(1) Additional evidence to be considered includes evidence not available at time of due process hearing

LCPS does not dispute that a court's consideration of additional evidence in an IDEA civil action is reviewed for abuse of discretion. *See* Miller v. Bd. of Educ. of Albuquerque Public Schools, 565 F.3d 1232, 1240 (10th Cir. 2009) and *compare,* Doc. 48 at 1-4. The School District also does not contest that courts have included evidence "concerning relevant events subsequent to the administrative hearing" as the kind of evidence which may be properly considered upon the request of a party. [Doc. 48 at 3 quoting from Bd. of Educ. of Albuquerque Public Sch. v. Newson on behalf of A.R., No. Cv15-00271 WJ/WPL , 2015 WL 13651177 (D.N.M. 9/18/15) which provides citation to Town of Burlington, 736 F.2d at 790, which case is also provided as authority by Plaintiff's Motion [Doc. 43 at 2]]. The LCPS then cites to an 8th Circuit case for an additional requirement that a party must offer "solid justification" before a court should grant a request for additional, relevant evidence. [Doc. 48 at 3; citation is to West Platte, 439 F.3d 782, 785 (8th Cir. 2006)].

Both parties agree that one factor in the analysis is whether the proposed evidence is useful in determination of whether " ' Congress' goal has been reached for the child involved.' " [Doc. 48 at 3 quoting from Susan N. v. Wilson Sch. Dist., 70 F.3d 751, 760 (3rd Cir. 1995).] However, the School District points out that a Fourth Circuit decision found exclusion of a subsequent IEP, *two years after* the IEP in dispute, was not abuse of discretion. [Doc. 48 at 3-4.]
[1] And, the School District claims that admission of the requested documents would be an abuse

---

[1] In the instant case, the documents offered as additional evidence were all created just months after the due process hearing concluded. The due process hearing decision was issued on

of discretion here *because* the documents were created *after* the dates of hearing. [Doc. 48 at 4].

<u>(2) & (3)   Parent's Motion, in the context of the earlier filed IDEA Briefing, provides the Court with sufficient information to determine that the additional evidence is relevant.</u>

The School District's recitation of the "central issues" in the IDEA civil action [Doc. 48 at 6-7] is inaccurate.   Parent has set forth the issues in the IDEA Brief in Chief [Doc. 31 at 11]. In particular,  Parent points out that "negligence", inserted as argument by the School District,  is not an IDEA standard and "rational justification" is not a defense to the IDEA mandate to evaluate.  *See* Doc. 48 at 6-7 and *compare,* Doc. 36 at 4-7 .

The School District's argument that consideration of the four  documents would create a trial *de novo* by "chang[ing] the central issues in the case" does not reflect understanding of the issues raised by Parent in this civil action.  *See* Doc. 48 at 7-8 and *compare,*     Doc. 31 at 11-27. Parent's IDEA issues are that the District violated its Child Find obligation to L.B. and Parent when it failed and refused to evaluate L.B. for disability, including for symptoms of TS, during the 2016-17 school year and instead punished him repeatedly for symptoms consistent with TS. The issue with the "emotional disturbance" label is that "Tourette Syndrome" was specifically added to the Other Health Impairment (OHI) eligibility *because so many students with TS were misidentified as having behavior or conduct issues when they actually had a neurological condition.  See* Doc. 31 at 2, n.3 and 19-22 .    In Student's IDEA due process case, LCPS denied not only that it should have evaluated L.B. but also denied that L.B. had symptoms of Tourette Syndrome.

---

November 17, 2017 and the Baylor evaluation for TS was performed on November 29, 2017. The other two documents concerning the School District's use of the evaluation are from March 2018.

The diagnostic criteria for TS, as set out by the School District's lead psychologist, at due process hearing includes that both vocal and motor tics exist for *more than one year*, although they may wax and wane. *See,* DPH Tr. at 611-612 [Doc. 25-2, Hearing day 3 9/14/2017]. Obviously, if evaluation in November 2017 concluded that Student met diagnostic criteria for TS, then such diagnosis establishes that Student had to have had symptoms of TS for over a year, or during the fall of 2016, the time period at issue.

Dr. Jankovic's evaluation report providing diagnosis of TS would shore up what is already established by testimony and documentary evidence in the due process transcripts: Student exhibited involuntary vocal and motor tics for more than a year before the November 2017 evaluation --- or, during the 2016-17 school year when the School District was punishing him for "behaviors" rather than conducting necessary evaluation(s). This makes the evaluation directly relevant to whether it was "more or less probable" that Student's behaviors complained of by staff during the 2016-17 school year were in fact involuntary and the result of the neurological condition of Tourette Syndrome.

It is undoubtedly true that *if* the Baylor evaluation report ruled out TS, the School District would have been offering such report as justification for its failure to evaluate. The School District's objection is actually that the Baylor report is *too* relevant, not that it has no bearing on the issues which were in dispute. The question of whether Student displayed characteristics of a child with TS during the 2016-17 school year is directly answered by the Baylor evaluation offered for the court's consideration as "additional" evidence. The *only* reason such an evaluation was not available at time of hearing is that the District had refused and sidestepped its IDEA obligation to evaluate L.B. for disability — in all areas of suspected disability.

Congress's goal in enactment of the IDEA was to address the failure of education for millions of American youth including those children who "were excluded. . . from being educated with their peers" and those who were prevented "from having a successful educational experience. . . ." because of "undiagnosed disabilities." 20 U.S.C. §1400( c)(2)(B),( C).   The goals of IDEA are served by including in the Court's consideration of legal issues, the evidentiary support of a private evaluation Parent was forced in to obtaining *because of the School District's* evasion of its Child Find obligations, including the duty to evaluate in all areas of suspected disability.

Within its argument against consideration of Dr. Jankovic's evaluation report, LCPS argues against equitable remedy requested by Plaintiff for the School District's denial of FAPE. [Doc. 48 at 12].   Remedy requested is to ensure that the School District enforces IDEA by meeting the Student's unique needs as those would be understood if diagnosed with TS. However, LCPS's argument about remedy is misplaced in responding to this Motion which only seeks consideration of additional evidence.  Issues about scope of and particulars of equitable remedy were addressed in IDEA briefing or could be addressed with particulars if the Court determines IDEA issues in favor of L.B. and is ready to devise appropriate remedy.

The billing/payment records showing cost to Parent to obtain the Baylor evaluation are relevant to remedy.  If this Court were to determine that the School District should have evaluated and obtained a medical evaluation for TS at its expense, then FAPE was denied because Parent was forced into paying for evaluation in order to try and reach a FAPE for his son.  *See, e.g.,* Forest Grove v. T.A., 557 U.S. 230, 244-145  (2009) (Court discusses the "general remedial purpose underlying IDEA" and  then rejects a reading of the Act which would

5

have left parents without remedy when a "school district unreasonably failed to identify a child with disabilities" given the "paramount importance of properly identifying each child eligible for services.")  Payment/billing records are evidentiary support to use equitable power to reimburse the parent for monies spent out of necessity when the School District evaded its evaluation responsibilities.  Reimbursement for the costs of the Baylor evaluation is among the remedies suggested by Parent in the IDEA Brief in Chief. [Doc. 31 at 27].

The School District also does not want the Court to consider the LCPS Multidisciplinary Evaluation Team (MET) paperwork and IEP from March 2018, although those documents reflect the LCPS's acceptance of Dr. Jankovic's diagnosis.  They are relevant to establish admission by the School District and eliminate any contest about whether the LCPS disputes Dr. Jankovic's diagnosis.  In addition, the March 2018 IEP sets out the ways in which the LCPS seems intent on continuing its historic refusal to meet Student's needs arising from disability.

There cannot be remedy in equity without knowing what the District did with information from an evaluation for TS.  Parent has requested remedies that will meet the intent of IDEA — that L.B. have the assurance of FAPE in continuation of his education in LCPS.   Parent is not raising a separate issue of the appropriateness of the March 2018 IEP but instead is bringing the evidence to the court for consideration in determining whether the LCPS has shown good faith in meeting Student's needs or is instead intent on holding on to its position from 2016-17 that his "behaviors" are not linked to disability including TS.  There is unfortunately not any way to restore Student's 7th grade year or "do over" the disciplinary placement at CrossRoads but it is necessary, to do equity, that this IDEA civil action pave the way for Student's needs resulting from disability to be met in the present by the LCPS.

(4) <u>Consideration of relevant subsequent events is not defeated by an "exhaustion" defense.</u>

LCPS's repeated "exhaustion" argument is not germane to whether the court should exercise its discretion to consider the additional evidence requested by Plaintiff. If "exhaustion" were an absolute defense to prevent consideration of additional evidence which reflects events occurring after the due process hearing, then Courts would not have allowed in evidence about subsequent events in the cases cited by LCPS in its briefing. Yet, courts have, as set forth in LCPS's Response, specifically identified evidence about subsequent events as one of the kinds of "additional" evidence which a court *will consider* on an IDEA claim. *See* Doc. 48 at 3 (providing citation to District court decision from New Mexico which in turn cited <u>Town of Burlington,</u> 736 F.2d at 790).

Parent requests that this Court grant the Motion for consideration of additional evidence pursuant to the IDEA. [Doc. 43].

        Respectfully submitted,

        STEVEN GRANBERG, ATTY. AT LAW
        */s/ Gail Stewart*

        _____
        Gail Stewart
        3800 Osuna NE, Suite 1
        Albuquerque, NM 87109
        (505) 244-3779, x. 3
        gstewart@66law.com
        *Attorney for Plaintiff*

I certify that on this 2nd day of April 2019, I
I filed this Response electronically through the CM/ECF
system which caused counsel for Defendant to be served
electronically as more fully stated in the Notice of Electronic
Filing:

    Evelyn Howard-Hand, Ehand@wabsa.com

*/s/ Gail Stewart*

_____
Gail Stewart