IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOMINIC BOUTELLE,
    as Parent of L.B.,
    Plaintiff,

v.                                                       NO. 2:17-cv-01232-GJF-SMV

BOARD OF EDUCATION OF LAS CRUCES
PUBLIC SCHOOLS,
    Defendant/Counter-Plaintiff

**Defendant's Motion for Leave to File Surreply to Plaintiff's Reply in Support of Plaintiff's Motion for Consideration of Additional Evidence**

In accordance with the District of New Mexico's Local Rule 7.4(b), Defendant Las Cruces Public Schools ("LCPS" or "the District") files this motion seeking the Court's permission to file a Surreply Brief to Plaintiff's Reply in Support of Plaintiff's Motion for Consideration of Additional Evidence, (Doc. 51). In Plaintiff's reply, he asserts new arguments that were not in his original motion. Allowing Defendant an opportunity to respond to those new arguments not only accomplishes fairness and equity to Defendant, but the complete briefing will also benefit the Court. For the reasons stated below, Defendant respectfully asks the Court to grant this motion.

**Standard of Review**

Before a party may file a surreply brief on a motion, the party must seek leave of the Court. D.N.M. L.R. 7.4(b). When parties raise new arguments or new evidence in their replies, the courts often grant motions for leave to file surreply briefs. *See Navajo Health Found.-Sage Mem'l Hosp., Inc. v. Burwell*, 110 F. Supp. 3d 1140, 1183 (D.N.M. 2015) (citing *Walker v. THI of N.M. at Hobbs Ctr.*, 2011 WL 2728344, at *1)). "A surreply gives the nonmovant a chance to respond to the new information." *Id.*

1

**Argument**

Plaintiff filed his Motion for Consideration of Additional Evidence Pursuant to the IDEA on March 5, 2019. (Doc. 43). The motion encompasses three pages, including the signature page. In the motion, Plaintiff asks the Court to consider the admission of four pieces of evidence that were not available at the time of the due process hearing in this case held in September 2017: 1) evaluation report of L.B. by Dr. Joseph Jankovic performed on 11/29/17; 2) billing/payment records for Baylor evaluation; 3) LCPS Multidisciplinary Evaluation Team documents for L.B. dated March 8, 2018; and 4) LCPS Individualized Education Plan for L.B. dated March 8, 2018. *Id.* at 2.

Plaintiff *conclusively* asserts in his motion that the documents are relevant for the Court to determine "Plaintiff's requested remedies numbered 2 and 3 [Doc. 31 at 27] as well as to ensure the Court's knowledge about both Student's medical diagnosis and the LEA's acceptance of that diagnosis." (Doc. 43 at 2-3). The remedies on page 27 of Plaintiff's IDEA Brief in Chief (Doc. 31) are: "2) reimbursement to Parent for costs associated with the neuropsychological evaluation as well as the cost of the TS evaluation at Baylor; 3) ordering removal of 'emotional disturbance' eligibility and directing that all IEPs going forward include information that L.B. has TS and is entitled to evidence based interventions to support him at school as consistent with professional knowledge as set forth by Tourette Association literature and guidance."

As Defendant argued in its response brief to Plaintiff's motion for additional evidence, Plaintiff's failure to state with particularity the grounds for his motion and the authority supporting his motion, as required under Local Rule 7, forced Defendant to guess as to the relevancy of the documents proffered by Plaintiff. (Doc. 48 at 56). Plaintiff does not contest this argument in his reply. To prevent any waiver of its arguments contesting admission of the evidence sought by

Plaintiff, Defendant argued in its response, with supporting authority, how and why the evidence should not be admitted. Defendant based its arguments on grounds not directly raised by Plaintiff in its motion.

Plaintiff then filed his reply, more than doubling the length of its arguments in its original motion. (Doc. 51). Most importantly, Plaintiff raised new arguments not previously asserted in i motion. Plaintiff significantly expands the scope of the relevancy of the proffered evidence from two specific remedies to now referencing the entire "context of the earlier filed IDEA Briefing" and several underlying, attending arguments not previously raised in the original motion. *See* Doc. 51 at 3-6. These new arguments include, but are not limited to, the following:

   a. Suggesting that the Court should admit the Tourette Syndrome (TS) evaluation because it will somehow conclusively demonstrate that the student's behavior for which he was administered intervention was "in fact involuntary;" (Doc. 51 at 4).

   b. Arguing that the post-due process hearing evaluation of L.B. for TS is relevant to the diagnostic criteria for TS as determined by the District's lead psychologist at the due process hearing and how this, by way of some means, establishes that L.B. must have had TS at the time of his incident; (Doc. 51 at 4).

   c. Claiming that the District's objection to the TS evaluation is because it is "*too* relevant, not that it has no bearing on the issues which were in dispute;" (Doc. 51 at 4) (emphasis in original)

   d. Asserting that the goals of IDEA can only be served by considering the evidence noted in Plaintiff's motion; (Doc. 51 at 5).

e. Arguing that the equitable remedy requested by Plaintiff is to ensure that the District enforce the IDEA by meeting the student's unique needs and mischaracterizing the District's argument on that issue; (Doc. 51 at 5).

f. Proffering billing records as evidentiary support for the Court to use its equitable power to reimburse the parent for monies spent when the District allegedly evaded its evaluation responsibilities; (Doc. 51 at 6).

g. Stating that the District's Multidisciplinary Evaluation Team paperwork and the IEP from March 2018 demonstrate the District's admission and acceptance of the diagnosis from the TS evaluation of L.B., which is irrelevant to the issues in this proceeding; (Doc. 51 at 6).

h. Proposing that the admission of the aforementioned documents in item (g) are necessary to provide a remedy in equity and to determine whether the District is presently demonstrating good faith or showing the District's "intent on holding its position from 2016-17 that [L.B.'s] behaviors are not linked to disability, which is also not relevant to the issues in this proceeding; (Doc. 51 at 6).

i. Mischaracterizing the District's position on the standard for considering additional evidence by suggesting that Defendant believes exhaustion is an absolute defense to the consideration of additional evidence and then distinguishing Plaintiff's position that was not articulated in his original motion; (Doc. 51 at 7).

Plaintiff failed to raise these arguments in his motion. Defendant urges the Court to allow it an opportunity to respond to these new arguments, which could have grave implications for the Court and the parties if the Court accepts these arguments without further briefing. These implications include additional briefing, reopening testimony and conducting further discovery.

Although Defendant denies the merits of the new arguments raised by Plaintiff in its reply, Defendant should be given a chance to respond to this new information through its surreply, which will assist the Court in determining whether to grant or deny Plaintiff's motion. *See Acosta v. United States*, No. 15-CV-0530 SMV/KRS, 2017 WL 3701614, at *3 (D.N.M. Aug. 24, 2017), appeal dismissed, No. 17-2184, 2018 WL 1935879 (10th Cir. Jan. 17, 2018) (granting plaintiff's motion for leave to file surreply in response to new evidence raised in defendant's reply).

### Conclusion

For the above reasons stated, Defendant respectfully urges the Court to grant this motion and allow Defendant to file a surreply brief and for all additional relief to which it may be justly entitled.

Respectfully submitted,

WALSH GALLEGOS TREVIÑO
RUSSO & KYLE, P.C.


BY:  /s/ Evelyn N. Howard-Hand
Evelyn N. Howard-Hand
State Bar. No. 144001
*Attorney for Board of Education of Las Cruces Public Schools*
500 Marquette Avenue NW, Suite 1310
Albuquerque, NM  87102-5316
Telephone: (505) 243-6864
Facsimile: (505) 843-9318
Ehand@wabsa.com

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that on the 3rd day of April, 2019, I conferred with counsel for Plaintiff regarding Defendant's Motion for Leave to File Surreply to Plaintiff's Reply in Support of Plaintiff's Motion for Consideration of Additional Evidence, and Plaintiff did not state his position.

WALSH, ANDERSON, GALLEGOS,<br>GREEN & TREVIÑO P.C.

By: /s/ Evelyn Howard-Hand
Evelyn Howard-Hand

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of April, 2019, I filed the foregoing Defendant's Motion for Leave to File Surreply to Plaintiff's Reply in Support of Plaintiff's Motion for Consideration of Additional Evidence electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Gail Stewart
STEVEN GRANBERG, ATTY. AT LAW
3800 Osuna NE, Suite 1
Albuquerque, NM 87109
Email: gstewart@66law.com
*Attorney for Plaintiff*

/s/ Evelyn N. Howard-Hand
Evelyn N. Howard-Hand